IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THOMAS HARLEY, # 162293, ) | Civil Action No. 3:06-425-RBH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| OFFICIAL C/O MONTGOMERY; ) | |
| PRISON MEDICAL STAFF AT LCI; AND ) | |
| MEDICAL ADMINISTRATOR, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| _____ ) | |

       This action was filed by the pro se Plaintiff on February 27, 2006. At the time of the alleged incidents, he was an inmate at the Lee Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). He is currently incarcerated at the Broad River Correctional Institution of SCDC.

       On August 28, 2006, Plaintiff filed a pleading titled "Declaration in Support of Plaintiff's Motion for Preliminary Injunction." In his August 28, 2006 motion for a preliminary injunction, Plaintiff requests that the Court order SCDC officials to provide the first name of Defendant Montgomery to aid in the service of this defendant.[1] Plaintiff also states that he "is requesting the name of defendant prison medical staff at LC.I. of this described event, to ensure that I receive their complete name, the necessary names as requested." Defendants filed a response on September 12, 2006. They contend that Plaintiff's motion should be denied, as none of these requests are properly made as a motion for a preliminary injunction. Additionally, they state that the attorney for Defendants previously agreed to accept service from the United States Marshal on behalf of

---

[1] On July 13, 2006, service was returned unexecuted as to Defendant Montgomery because he could not be identified without his first name.

Defendant Montgomery. See Defendants' August 2, 2006 Response to Plaintiff's Motion to Compel.

On September 20, 2006, Plaintiff filed a pleading titled "Memorandum of law in Support of Motion for TRO and Preliminary Injunction." Plaintiff claims that he had a broken finger which (days after the case was removed) was reinjured, allegedly by a prison official who kicked Plaintiff's cell food flap shut on his finger. He claims that he has been denied medical treatment and physical therapy for his broken finger. Defendants contend that Plaintiff's motion should be denied because he cannot show a likelihood of irreparable harm if the injunction is denied. They have submitted an affidavit from Terri Huff, a Nurse Practitioner who treated Plaintiff at LCI.

The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a)  plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b) whether plaintiff will suffer irreparable injury if the interim relief is denied;
>
> (c)  the injury to defendant if an injunction is issued; and
>
> (d) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); North Carolina State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); and Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977). The two most important factors are probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant

if the injunction is granted. Manning, 119 F.3d at 263; North Carolina State Ports Auth., 592 F.2d at 750.

A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

Plaintiff's August 28, 2006 motion for a preliminary injunction should be denied because it does not raise any questions going to the merits and is not seeking similar relief as may be granted finally. Further, Plaintiff's motion as to Defendant Montgomery is moot, as Montgomery has now been served and he filed an answer on February 19, 2007. Finally, Defendants Prison Medical Staff at LCI and Medical Administrator have submitted copies of Plaintiff's SCDC medical records with their October 27, 2006 motion for summary judgment. These records contain names of medical staff who treated Plaintiff at LCI.

Plaintiff's September 20, 2006 motion for a temporary restraining order should be denied because Plaintiff is unlikely to be successful in the underlying dispute between the parties[2] and is unlikely to suffer irreparable injury if interim relief is denied. Nurse Practitioner Huff states that Plaintiff's SCDC medical records reveal that Plaintiff received treatment for his finger on March 24, March 28, April 6, April 13, and May 9, 2005. She states that the records reflect that Plaintiff

---

[2]Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail in an action for medical deliberate indifference. See Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

3

received appropriate treatment for his injured finger and the finger healed without problems. Huff states that Plaintiff has been seen by medical personnel on thirty-seven occasions between the May 9, 2005 consultation and July 4, 2006, and that there are no notations in those thirty-seven examinations that Plaintiff had any complaints regarding his finger or that he requested any further treatment.

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion for a preliminary injunction (Doc. 23) be denied and Plaintiff's motion for a temporary restraining order (Doc. 26) be denied.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

February 20, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

5