IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THOMAS HARLEY, ) | Civil Action No.: 3:06-cv-425-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| OFFICIAL C/O MONTGOMERY, ) | |
| PRISON MEDICAL STAFF AT LCI, and ) | |
| MEDICAL ADMINISTRATOR, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court are Plaintiff's [Docket Entry #23] motion for a preliminary injunction and Plaintiff's [Docket Entry #26] motion for a temporary restraining order.

Plaintiff was a prisoner at Lee Correctional Institute ("LCI") of South Carolina Department of Corrections ("SCDC") at the time of the alleged incidents. Plaintiff is currently incarcerated at the Broad River Correctional Institution of the SCDC.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge issued a Report and Recommendation on the pending motions on February 20, 2007, in which he recommended that the Plaintiff's motions be denied. Plaintiff filed objections to the Report and Recommendation on March 2, 2007.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de*

*novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Analysis

In Plaintiff's [Docket Entry #23] motion for a preliminary injunction, Plaintiff requests a preliminary injunction requesting that the Court order SCDC officials to provide the first name of Defendant Montgomery to aid in service of the complaint and the names of defendant prison medical staff at LCI. In Plaintiff's [Docket Entry #26] motion for a temporary restraining order, the Plaintiff requests an injunction to ensure that he receives proper medical treatment.[1]

The Magistrate Judge recommended that Plaintiff's [Docket Entry #23] motion for a preliminary injunction be denied because it does not raise any questions going to the merits and is not seeking similar relief as may be granted finally. Report and Recommendation, at pg.

---

[1] Plaintiff seeks damages and an injunction arising from alleged injuries he suffered to his finger when a prison guard kicked shut the food tray slot before he could remove his hand. Plaintiff seeks damages for the actions of the prison guard in addition to damages for improper medical treatment following the incident involving the prison guard.

2

3 [Docket Entry #37]. The Magistrate Judge also stated that as to Defendant Montgomery, the motion for a preliminary injunction seeking his first name was moot because Defendant Montgomery has been served and filed an answer on February 19, 2007. With regard to the names of the defendant prison medical staff at LCI, the Magistrate Judge stated in his Report that the names of the LCI prison medical staff who treated the defendant were provided to the Plaintiff in the attachments to the defendant prison medical staff's October 27, 2006 motion for summary judgment. The Plaintiff did not object to the Magistrate's Report regarding the Plaintiff's [Docket Entry #23] motion for preliminary injunction. The Court agrees with the analysis and conclusion of the Magistrate Judge as set forth on page 3 of his Report and Recommendation.

The Magistrate Judge recommended that Plaintiff's [Docket Entry #26] motion for a temporary restraining order be denied because Plaintiff is unlikely to be successful in the underlying dispute between the parties and is unlikely to suffer irreparable injury if interim relief is denied. Report and Recommendation, at pg. 3 [Docket Entry #37]. The Court agrees with the analysis and conclusion of the Magistrate Judge as set forth on pages 3 and 4 of his Report and Recommendation. This Court has reviewed the Plaintiff's objections and finds that they are without merit.

## **Conclusion**

For the reasons stated above and by the Magistrate Judge, this Court overrules Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Accordingly, Plaintiff's [Docket Entry #23] motion for a preliminary injunction and Plaintiff's [Docket Entry #26] motion for a temporary restraining

order are **DENIED**.

    **IT IS SO ORDERED**.

March 26, 2007                                                                                    s/ R. Bryan Harwell
Florence, South Carolina                                                                  R. Bryan Harwell
                                                                                   United States District Judge