IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| THOMAS HARLEY, | ) | Civil Action No.: 3:06-cv-425-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OFFICIAL C/O MONTGOMERY, | ) | |
| PRISON MEDICAL STAFF AT LCI, and | ) | |
| MEDICAL ADMINISTRATOR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the court are: 1) Prison Medical Staff at LCI and Medical Administrator's [Docket Entry #33] motion for summary judgment; 2) Official CO Montgomery's [Docket Entry #44] motion for summary judgment; and 3) Plaintiff's [Docket Entry #57] motion for *pro se* permission under Scheduling Order. These matters comes before the court with the Report and Recommendation [Docket Entry #54] of Magistrate Judge Joseph R. McCrorey.[1]

Plaintiff, who is currently incarcerated at Broad River Correctional Institution, brought this action *pro se* under 42 U.S.C. § 1983 alleging that, on or about March 30, 2005, while he was incarcerated at Lee Correctional Institution ("LCI"), Defendant Montgomery caused injury to Plaintiff's finger by slamming the cell door food flap down before Plaintiff could remove his hand from the slot. Plaintiff also alleges that Defendants Prison Medical Staff at LCI and Medical Administrator failed to provide him with adequate medical care after the incident.

On June 20, 2007, the Magistrate Judge issued his Report and Recommendation in

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to the United States Magistrate Judge for pretrial handling.

which he recommended that Defendants' motions for summary judgment be granted.  On July 2, 2007, Plaintiff filed a document entitled Declaration in Opposition to Defendants' Motion for Summary Judgment and Plaintiff Statement of Disputed Factual Issues [Docket Entry #56], which this court construes as his Objections to the Magistrate Judge's Report and Recommendation.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id*.  However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The Magistrate Judge found that with regard to the Plaintiff's claims of inadequate medical care the Plaintiff had failed to show that Defendants were deliberately indifferent as to any serious medical need arising from the alleged use of force.

Concerning his claim of excessive force, the Magistrate Judge concluded that the Plaintiff had failed to establish the objective component of his Eighth Amendment excessive force claim because the Plaintiff suffered only *de minimis* injury to his finger. The Magistrate Judge also concluded that the Plaintiff had failed to establish the subjective component of his Eighth Amendment excessive force claim under the factors set forth in *Whitley v. Albers*, 475 U.S. 312 (1986).

As to all of Plaintiff's claims, the Magistrate Judge found that the Defendants were entitled to qualified immunity in their individual capacities and Eleventh Amendment immunity in their official capacities. The Magistrate Judge also found that the Plaintiff had failed to establish supervisory liability on the part of Defendant Medical Administrator.

To the extent the Plaintiff's pleadings could be construed to raise claims concerning grievance policies and procedures at LCI, the Magistrate Judge stated in his Report that allegations that Defendants did not follow their own policies or procedures, standing alone, do not amount to constitutional violations. Finally, with regard to any state law claims that Plaintiff's pleadings could be construed to raise, the Magistrate Judge recommended dismissal pursuant to 28 U.S.C. § 1367(c)(3).

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge. The court finds that there are no genuine issues of material fact and that Defendants are entitled to summary judgment as a matter of law. Plaintiff's allegations of inadequate medical care and excessive force are simply inconsistent with his medical records. Plaintiff's objections appear to be merely a restatement of the arguments he made before the Magistrate Judge in opposition to Defendants' motions for

summary judgment. The court has conducted a *de novo* review of the Plaintiff's objections and overrules the objections for the same reasons stated by the Magistrate Judge.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's Report and Recommendation herein by reference. Accordingly, Defendants' [Docket Entry ##33 and 44] motions for summary judgment are **GRANTED**. Plaintiff's complaint is hereby **DISMISSED with prejudice**. Plaintiff's [Docket Entry #57] motion for *pro se* permission under Scheduling Order is **MOOT**.

**IT IS SO ORDERED**.

July 25, 2007                                                             s/ R. Bryan Harwell
Florence, South Carolina                                          R. Bryan Harwell
                                                                              United States District Judge